IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DAYON WHEELER,                          )
                                        )
        Plaintiff,                      )       CIVIL ACTION FILE
                                        )       NO. ___20A83955___
v.                                      )
                                        )
EVANS DELIVERY COMPANY, INC.,           )
LEVI SIMMONS, and ACE AMERICAN          )
INSURANCE COMPANY,                      )
                                        )
        Defendants.                     )

## COMPLAINT

COMES NOW Plaintiff in the above-styled action and hereby files his Complaint as

follows:

1.

Defendant Evans Delivery Company, Inc. (hereinafter referred to as "Defendant(s)" or

"Evans Delivery") is a foreign corporation authorized to transact business in the State of

Georgia.  Defendant Evans Delivery may be served through its registered agent: David Lee

Cates, 2300 Henderson Mill Road, Suite 112, Atlanta, Georgia 30345.

2.

Jurisdiction and venue are proper as to Defendant Evans Delivery.

3.

Defendant Evans Delivery has been properly served with process in this action.

4.

Defendant Levi Simmons (hereinafter referred to as "Defendant" or "Simmons") is a

resident of the State of South Carolina and may be served at his personal residence located at 974

Cedarfield Lane, Summerville, South Carolina 29483.

**EXHIBIT**

A

STATE COURT
DEKALB COUNTY, (
12/15/2020 2:54
E-FIL

5.

Jurisdiction and venue are proper as to Defendant Simmons.

6.

Defendant Simmons has been properly served with process in this action

7.

At the time of the subject collision, Ace American Insurance Company (hereinafter referred to as "Defendant(s)" or "Ace") provided a policy of liability insurance to motor common carrier for hire Defendants Evans Delivery Company, Inc. and Levi Simmons.  Said policy was in effect on January 28, 2020 and provides coverage for the subject incident.

8.

Defendant Ace is a corporation authorized to transact business in the State of Georgia and is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-2-140.  Service may be made upon Defendant Ace's registered agent: C T Corporation System, 289 S Culver St, Lawrenceville, Georgia 30046.

9.

Jurisdiction and venue are proper as to Defendant Ace.

10.

Defendant Ace has been properly served with process in this action.

11.

Venue is proper in the State Court of DeKalb County, Georgia as the subject incident occurred in DeKalb County, Georgia.  Accordingly, venue and jurisdiction are proper in this Court.

12.

On or about January 28, 2020, at approximately 7:01 a.m., Plaintiff Dayon Wheeler was driving his 2017 Hyundai Sonata westbound on Interstate 20 in DeKalb County, Georgia. Mr. Wheeler was traveling properly in his lane and was operating his vehicle in a safe and prudent manner when traffic began to slow. Mr. Wheeler slowed to a safe and appropriate speed and was stopped when he was struck in the rear by a tractor-trailer driven by Defendant Simmons, operated for and at the direction of Defendant Evan Delivery. Defendant Simmons was negligent in failing to stop in time and in causing his vehicle to strike the rear of Dayon Wheeler's vehicle. As a result, Mr. Wheeler's vehicle was pushed into the rear of the vehicle in front of him that had also slowed and/or stopped for traffic, causing significant impact, injuries, and property damage.

13.

As a direct and proximate result of Defendants' negligence, Dayon Wheeler sustained severe and ongoing physical, mental, and emotional injuries, and has experienced continuing pain and suffering. Defendants' acts were a cause-in-fact and a proximate cause of such injuries, pain, and suffering to Plaintiff. Defendants are jointly and severally liable for the acts and claims set forth herein.

14.

At all times mentioned herein, Plaintiff Dayon Wheeler acted with reasonable care under the conditions and circumstances then existing and was completely free of any negligence with regard to the incident at issue.

15.

Defendant Simmons' negligence included, but is not limited to, one or more of the

following:

    a) Negligently following too closely (O.C.G.A. § 40-6-49);

    b) Negligently traveling at an excessive speed under the circumstances (O.C.G.A. § 40-6-180);

    c) Negligently failing to exercise due care (O.C.G.A. § 40-6-241);

    d) Negligently failing to keep a proper lookout;

    e) Negligently failing to maintain the vehicle under proper control;

    f) Negligently failing to see and avoid roadway conditions;

    g) Negligently failing to brake appropriately;

    h) Negligently failing to use or sound a signal or warning; and

    i) Any other negligent acts or omissions that may be proven at trial.

16.

At the time of the collision at issue, Defendant Simmons was acting at the direction and under the control of Defendant Evans Delivery and was an employee and/or agent of Defendant Evans Delivery, acting at all times within the course and scope of his agency and/or employment with Defendant Evans Delivery. Defendants are therefore jointly and severally liable and Defendant Evans Delivery is liable for the actions of Defendant Simmons under theories of *Respondeat Superior*, vicarious liability, and principles of agency.

17.

At the time of the collision at issue, Defendant Simmons, at the direction and under the control of Defendant Evans Delivery, was driving the vehicle under Evans Delivery's United States Department of Transportation ("U.S. DOT") authority number (U.S. DOT No. 0003811).

Defendant Evans Delivery is therefore the legal employer of Defendant Simmons and is responsible for the acts and omissions of Defendant Simmons.

18.

Defendant Simmons failed to operate the vehicle with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff Dayon Wheeler.

19.

Defendants' actions constituted negligence in operating the vehicle contrary to the reasonable and safe conditions and circumstances then existing.

20.

Defendants' actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain, and emotional distress to Plaintiff Dayon Wheeler.

21.

Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of the truck at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff Dayon Wheeler.

22.

Defendant Evans Delivery negligently hired, supervised, trained and retained Defendant Simmons and negligently entrusted the operation of the vehicle at issue to Defendant Simmons. Defendant Evans Delivery negligently failed to implement and utilize proper procedures to evaluate Defendant Simmons' skills and expertise for the operation of said vehicle.

23.

Because Defendant Evans Delivery had knowledge of, or in the exercise of reasonable care should have had knowledge of, the negligence discussed herein and the dangerous condition(s) created by their actions, Defendant Evans Delivery is liable for the negligent supervision, hiring, training, and retention of their management, agents and employees, to include Defendant Simmons, and the entrustment of said vehicle to said management, agents and employees, to include Defendant Simmons.

24.

Defendants were negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Dayon Wheeler.

25.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor common carrier regulations, and all applicable Federal motor carrier regulations.

26.

Defendants negligence and violation of State and Federal motor vehicle laws and regulations constituted negligence per *se* and as a matter of law.

27.

Defendants are negligent for all other acts of negligence as may be shown at trial.

28.

The injuries sustained by Plaintiff Dayon Wheeler were the direct and proximate result of the negligence of the Defendants.  But for said negligence, Dayon Wheeler would not have

suffered serious injuries, physical pain, mental and psychological suffering, and other injuries to be proven at the trial of this matter.

29.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff Dayon Wheeler has incurred reasonable, necessary, and substantial medical expenses in an amount which will be proven at the time of trial, and will continue to incur said expenses as future medical care is needed, likely exceeding $225,000.00.

30.

As a result of Defendants' negligence, Plaintiff has incurred lost wages and diminished capacity to labor in an amount to be proven at trial.

31.

Plaintiff is entitled to bring each and every claim permissible under Georgia law for his injuries suffered in the incident at issue, and to recover for all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia law.  Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present, and future pain and suffering;

c) Past, present, and future lost wages and economic damages;

d) Past, present, and future medical expenses, likely exceeding $225,000.00;

e) Disability;

f) Disfigurement;

7

g)      Mental anguish;

h)      Lost ability to labor;

i)      Loss of the capacity for the enjoyment of life;

j)      Incidental expenses;

k)      Permanent injuries; and

l)      Consequential damages to be proven at trial.

32.

The injuries suffered by Plaintiff Dayon Wheeler as described herein are continuing and permanent in nature.

33.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate causes of the injuries to Plaintiff Dayon Wheeler.  Defendants are jointly and severally liable for the injuries to Dayon Wheeler and all damages recoverable under Georgia law.

34.

In accordance with the terms and conditions of its policies of insurance, Defendant Evans Delivery's legal status as a motor carrier for hire at the time of the subject collision proximately caused by their employee and/or agent Defendant Simmons,  and applicable Georgia laws, Defendant Ace is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of Defendants Evans Delivery and Simmons pursuant to Georgia Direct Action Statutes.

35.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their agents were willful and wanton and showed an entire want of care, which would raise the presumption of a conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury pursuant to O.C.G.A. § 51-12-5.1.

36.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-11-68(e) and O.C.G.A. § 9-15-14, as well as any other statutory or common law basis.

WHEREFORE, the Plaintiff prays for a judgment to be awarded to him and against the Defendants for the following:

1) Process issue as provided by law;

2) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

3) Plaintiff be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants;

4) Plaintiff be awarded a trial by a jury of twelve persons; and

5) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 15th day of December, 2020.

Respectfully submitted,

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Brian C. Kaplan
Georgia Bar No. 644393
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700

**THE MABRA FIRM, LLC**

/s/ Ronald E. Mabra, Jr.
Ronald E. Mabra, Jr.
Georgia Bar No. 141249
Attorney for Plaintiff

**THE MABRA FIRM, LLC**
197 Fourteenth Street NW, Suite 200
Atlanta, GA 30318
(404) 344-5255

STATE COURT OF
DEKALB COUNTY, GA.
12/15/2020 2:54 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DAYON WHEELER,                    )
                                  )
        Plaintiff,                )       CIVIL ACTION FILE
                                  )       NO. 20A83955
v.                                )
                                  )
EVANS DELIVERY COMPANY, INC.,     )
LEVI SIMMONS, and ACE AMERICAN    )
INSURANCE COMPANY,                )
                                  )
        Defendants.               )

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS**

TO:    EACH DEFENDANT, INSURER, OR ANY OTHER NAMED PARTY

Pursuant to O.C.G.A. Section 9-11-36 you are hereby required to Answer, in the form provided by law, the following Request for Admissions:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

That you have been properly served as a party defendant.

3.

That process is sufficient with regard to you in this case.

4.

That service of process is sufficient with regard to you in this case.

5.

The State Court of Dekalb County has jurisdiction over the subject matter of this case.

6.

The State Court of Dekalb County has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in the State Court of Dekalb County.

8.

Plaintiff states a claim upon which relief can be granted.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

On January 28, 2020, Defendant Simmons was driving a tractor-trailer for Defendant Evans Delivery Company, Inc.

11.

Defendant Evans Delivery was the owner of the vehicle Defendant Simmons was driving on January 28, 2020.

12.

Defendants Evans Delivery and Simmons were covered by a policy of insurance with Ace American Insurance Company, which was in effect as of the date of the occurrence forming the basis of Plaintiff's Complaint for damages.

13.

Defendant Simmons was operating the tractor-trailer at issue with permission of Defendant Evans Delivery on January 28, 2020, and at the time of the collision involved in this lawsuit.

14.

Defendant Simmons was in the course and scope of his employment with Defendant Evans Delivery at the time of the collision at issue in this case.

15.

Defendant Evans Delivery operates a business for profit.

16.

Defendant Evans Delivery transports goods over Georgia roads.

17.

Defendant Evans Delivery is a motor common carrier for hire.

18.

Defendant Evans Delivery is a motor contract carrier for hire.

19.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing, and was completely free of any negligence in the collision at issue.

20.

Defendant Simmons was cited for following too closely in violation of O.C.G.A § 40-6-49.

21.

Defendant admits fault for causing this collision.

22.

Defendant has not issued a reservation of rights letter regarding the denial of coverage of insurance in connection with this lawsuit.

23.

On January 28, 2020, Ace American Insurance Company provided a policy of liability/indemnity insurance on behalf of Defendants Evans Delivery Company, Inc. and Levi Simmons with combined single limits of $2,000,000.00.

24.

Ace American Insurance Company is the primary indemnity/liability insurance covering the event at issue, providing $2,000,000.00 to Defendants, that being policy number MMTH25283077.

25.

On January 28, 2020, Defendant Evans Delivery Company, Inc. was a motor carrier of freight as defined by Georgia law.

26.

On January 28, 2020, Defendant Evans Delivery Company, Inc. was a motor common carrier of freight as defined by Georgia law.

27.

Ace American Insurance Company is an insurance company licensed and/or authorized to do business in the state of Georgia.

28.

The collision that is the subject matter of this litigation occurred within the State of Georgia, and within the applicable Ace American Insurance Company insurance policy period.

29.

Ace American Insurance Company is subject to suit by direct action in the above-referenced case pursuant to the provisions of O.C.G.A. §§ 40-1-112 and 40-2-140.

4

30.

All prerequisites and requirements of proving the primary indemnity/liability insurance

pursuant to policy number MMTH25283077 up to the policy limits of $2,000,000.00 and issued

by Ace American Insurance Company have been met by Plaintiff for purposes of trial and

coverage and no further proof is needed at trial.

This 15th day of December, 2020.

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Brian C. Kaplan
Georgia Bar No. 644393
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700

STATE COURT OF
DEKALB COUNTY, GA.
12/15/2020 2:54 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DAYON WHEELER,                          )
                                        )
        Plaintiff,                      )       CIVIL ACTION FILE
                                        )       NO. 20A83955
v.                                      )           _____
                                        )
EVANS DELIVERY COMPANY, INC.,           )
LEVI SIMMONS, and ACE AMERICAN          )
INSURANCE COMPANY,                      )
                                        )
        Defendants.                     )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:     EACH DEFENDANT, INSURER, OR ANY OTHER NAMED PARTY

        Pursuant to O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-13-27, *et seq.*, Plaintiff

Dayon Wheeler hereby requests that each Defendant and Any Insurer respond separately, in

writing and under oath to the following request for production of documents within forty-five

(45) days from the date of service as provided by law, with a copy of the responses being served

upon the undersigned counsel of record for the Plaintiff at Law & Moran, 563 Spring Street,

N.W., Atlanta, Georgia 30308.

## DEFINITIONS AND INSTRUCTIONS

        A.  This request for production of documents and notice to produce shall be

deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-

13-27, *et seq.*, so as to require each Defendant and Any Insurer to serve or produce upon all

parties supplemental answers or documents if Defendant, any Insurer or their attorneys obtain

further information between the time the answers are served and the time of trial.  Plaintiff also

requests that each Defendant and Any Insurer produce the originals of each document at trial and

1

any deposition of Defendant or its agents or employees.  Plaintiff invites defense counsel to contact counsel and arrange a meeting to mutually exchange non-privileged evidence at any time throughout the case and as more information becomes available.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.  If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E.  If you object to part of a request, <u>please identify any documents withheld</u>. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.  If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## <u>REQUEST FOR PRODUCTION</u>

Each Defendant and Any Insurer is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including, but not limited, to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between any Defendant and Plaintiff Dayon Wheeler, or any third person or entity relating to the incident or matters involved in this lawsuit, including, without limitation, all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration page or coverage page, and all applicable insurance policies, that may provide coverage or benefits to Defendants in connection with this occurrence, including any coverage available to Defendant Simmons personally.  (This request seeks each and every policy, including excess or umbrella, that may provide coverage in any amount.)

5.

Copies of any and all documents and transcripts from any investigation, hearing, or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint. This request includes both internal and third-party investigations.

6.

Copies of the entire file, bills, all reports, memoranda, or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

Please provide all maintenance records, repair records, and inspection records for the vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the truck involved in the occurrence which is the subject matter of this civil action.

8.

Each document created, received, or submitted by you, or received or submitted from law enforcement, the Federal Motor Carrier Safety Administration, Department of Transportation, or any other State, Federal, or municipal entity regarding any charges, citations, or investigation into this incident, Defendant Simmons, the tractor and/or trailer at issue, or required to be maintain by DOT/CFR regulations, FMCSA regulations, and/or Georgia's motor vehicle laws as it relates to Defendant Simmons, the tractor and/or trailer at issue.

4

9.

Any and all records of any kind that in any way pertain to Defendant Simmons, including but not limited to, his log books, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incident reports for this incident and any other collisions involving Defendant Simmons, his driving history, his medical history, his medical qualifications, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment, or his employment with Defendants.

10.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of Plaintiff's claims in this action or Defendants' defenses.

11.

Copies of all company policies and procedures pertaining to the operation of your business, drivers, driving, inspection and maintenance of tractor-trailers, and any policies and procedures that in any way apply to, cover, or govern Defendant Simmons' hiring, training, retention, or employment generally.

12.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving one of Defendants' vehicles prior to January 28, 2020.

13.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

14.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence, lack of jurisdiction over any Defendant, that there has been an insufficiency of service and/or process of service, including all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

15.

Please produce the certificate of title, and/or other proof of ownership, for the tractor and the trailer involved in the wreck that is the subject matter of this civil action.

16.

Copies of any and all of Defendants' reports, interoffice memoranda, emails, or other documents relating to matters which are the subject of this Complaint, the driver, the collision, or the vehicles at issue.

17.

Any report, correspondence, memorandum, or document prepared by any physician or other expert hired by you or your representatives to review and/or evaluate Dayon Wheeler's injuries and damages.

18.

Please produce a copy of any cell phone records and bills which reflect any calls or text messages made or received by Defendant Simmons for the forty eight (48) hours before and after the incident at issue.

19.

Please produce any and all call logs, messages, letters, memoranda, or other documents detailing any calls or complaints you have received from motorists or any other person regarding Defendant Simmons.  By way of example, and not limited to, if the tractor-trailer at issue displays a telephone number for motorists to call concerning the operation of the vehicle in question such as a "How's my driving?" number, please produce any documents generated as a result of any calls or complaints received by Defendants.

20.

Please gather, investigate, identify and produce all documents and <u>emails</u> relating to or referencing, or in any way that are relevant to any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue in this case, including but not limited to all emails relating to, referencing or in any way that are relevant to the wreck at issue, Defendant Simmons' employment, Defendant Simmons' driving, training, job performance and/or reprimands.  Please include the date, recipients, and authors, along with an identification and description of the email.  **(This request is meant to include what is commonly referred to as "e-discovery.")**  If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an *in camera* inspection, if needed.  Further, please state whether inquiry was

7

made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

21.

Please produce all documents regarding:

(a) Defendant Simmons' daily logs for the day of the accident and the eight day period preceding the accident;

(b) Defendant Simmons' daily inspection reports for the day of the accident and the eight day period preceding the accident;

(c) Any inspection reports for the vehicle involved in this accident;

(d) Maintenance, inspection and repair records or work orders on the vehicle involved in this accident for the day of the accident and for the life of the vehicle preceding the accident;

(e) Annual inspection report for the vehicle involved in this accident covering the date of the accident;

(f) Defendant Simmons' complete driver's qualification file, including but not limited to: application for employment, CDL license, driver's certification of prior traffic violations, driver's certification of prior accident, driver's employment history, inquiry into driver's employment history, pre-employment MVR, annual MVR, annual review of driver history, certification of road test, medical examiner's certificate, drug testing records, HAZMAT or other training documents, or any document referencing the driver at issue in any respect, or the location of the vehicle involved in this incident;

(g) Photographs of the vehicle involved in this accident or the accident scene,

(h) All documents related to the purchase, sale, conversion or modification of the vehicle,

(i) Defendant Simmons' post-accident alcohol and drug testing results;

8

(j) Any lease contracts or agreements covering Defendant Simmons or the vehicle involved in this accident;

(k) Any interchange agreements regarding the vehicle involved in this accident;

(l) Any printout from on-board recording devices, including but not limited to an on-board computer, tachograph, trip monitor, Teletrack device, Qualcomm, trip recorder, trip master, "black box," ECM or other recording device for the day of the accident and the six month period preceding the accident;

(m) Any post-accident maintenance, inspection or repair records or invoices in regard to the vehicles at issue;

(n) Any weight tickets, fuel receipts, hotel bills, or other records of expenses regarding Defendant Simmons or the vehicle involved in this collision for the day of the accident and the eight day period preceding the accident;

(o) Any trip reports or dispatch records regarding Defendant Simmons or the vehicle involved in this collision for the day of the accident and the eight day period preceding this accident;

(p) Any e-mails, electronic messages, letters, memos, or other documents concerning this accident;

(q) The accident register maintained by the motor carrier as required by federal law for the one-year period and five years preceding this accident;

(r) Any driver's manuals, guidelines, rule or regulations given to drivers;

(s) Any reports, memos, notes, logs or other documents evidencing complaints about Mr. Simmons;

(t) Any DOT or PSC reports, memos, notes or correspondence concerning Defendant Simmons or the vehicle involved in this accident;

(u) Any downloadable electronic data from the vehicle's engine regarding the speed of the vehicle or the operation of the vehicle for the six month period preceding the accident;

(v) All records, contracts, and any other documents related to and/or concerning the incident involving Dayon Wheeler;

(w) All records, contracts, and any other documents related to and/or concerning Defendant Simmons and/or the vehicle driven by Defendant Simmons;

(x) Any document involving this event;

(y) A complete list of all passengers for the trip at issue;

(z) The common carrier agreement, billing documents, or any document regarding your being hired for the event at issue;

(aa) All records of any kind related to the last time fuel was put into the subject vehicle before the incident at issue;

(ab) All records of any kind related to the number of miles the subject vehicle traveled since the last time it received fuel before the subject collision;

(ac) All emails or electronic date of any nature involving this event.

22.

All "driver log audit" data, reports, or other document, whether in physical or electronic form, concerning Defendant Simmons' driver's logs or driving history for the last three years, including but not limited to, results of any driver log audit conducted by any defendant of Defendant Simmons.

23.

Any document or thing that in anyway relates or refers to Plaintiff Dayon Wheeler's physical, mental, and/or emotional condition at any point during or following the incident at issue in Plaintiff's complaint.

24.

All documents, records, equipment, compliance recording devices, and things of any kind related to any of Defendant Simmons's sleeping and/or fatigue conditions, including but not limited to, chronic fatigue, sleep apnea, narcolepsy, insomnia, or any other fatigue or sleeping disorders. This request includes, but is not limited to, all medical records, prescriptions, treatment plans, information papers/brochures, warnings or advisories, employment records and applications, qualification records, employment counseling statements, policies and procedures, progress reports, or any other document, record, or thing related to said conditions.

You are hereby requested to comply with said Georgia Rules of Civil Procedure by producing and permitting Plaintiff's attorneys to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to LAW & MORAN, 563 Spring St., NW, Atlanta, Georgia 30308.

This 15th day of December, 2020.

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Brian C. Kaplan
Georgia Bar No. 644393
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700

11

STATE COURT OF
DEKALB COUNTY, GA.
12/15/2020 2:54 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DAYON WHEELER,                           )
                                         )
      Plaintiff,                         )        CIVIL ACTION FILE
                                         )        NO. 20A83955
v.                                       )        _____
                                         )
EVANS DELIVERY COMPANY, INC.,            )
LEVI SIMMONS, and ACE AMERICAN           )
INSURANCE COMPANY,                       )
                                         )
      Defendants.                        )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

TO:    EACH DEFENDANT, INSURER, OR ANY OTHER NAMED PARTY

      Pursuant to O.C.G.A. § 9-11-26 *et seq.*, Plaintiff hereby requests that each Defendant and

any Insurer respond separately in writing and under oath, to the following interrogatories as

provided by law, with a copy of the responses being served upon the undersigned counsel of

record for the Plaintiff at Law & Moran, 563 Spring Street, N.W., Atlanta, Georgia 30308.

## DEFINITIONS AND INSTRUCTIONS

A.  These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. §

     9-11-26, *et seq.*, so as to require Defendant(s), any insurer, or their attorney(s) to serve

     upon all parties supplemental answers if Defendant(s) or its attorney(s) obtain further

     information between the time the answers are served and the time of trial.

B.  "Document," whether singular or plural, means documents and other tangible things

     defined in the broadest sense permitted by the Georgia Civil Practice Act and shall

     include without limitation originals or, if such are not available, true copies, including

     copies of documents, videotapes, electronic data, emails and sound material.

C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.  If you claim privilege or withheld any information pursuant to any objection or privilege, please provide a privilege log or sufficient information to file a motion to compel.

## INTERROGATORIES

## DEFENSES, OWNERSHIP and INSURANCE

### 1.

Please identify the person(s) who owned, managed, maintained, and/or was in control of the vehicle, any trailer or equipment for the event at issue and the subject of Plaintiff's Complaint.  If the ownership, management, control, or maintenance changed at any time since said occurrence or prior to the occurrence, please identify each owner, management company or person/entity in control.   Please also explain the relationship between Defendants at the time of the event at issue.

### 2.

Please state the factual basis for each defense or denial in your Answer, including but not limited to any assertions that this Court lacks jurisdiction or venue, that there has been an insufficiency of process and/or that there has been an insufficiency of service of process, and identify specifically each and every fact, statute, ordinance, regulation, rule, code or industry standard of any kind which you, your expert or other witness rely upon in support of any of your defenses in this lawsuit.

3.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person or entity, did or failed to do which in any way contributed to the occurrence and/or Plaintiff's injuries. If you contend that Plaintiff or anyone else acted or failed to act in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based, including all United States statutes, state statutes, city ordinances, country ordinances, and all other governmental laws, rules or regulations which you contend any of these individuals violated with respect to the incident giving rise to this lawsuit.

4.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action and identify in detail any and all claims or facts that any other person or entity is responsible for any aspect of Plaintiff's claims and damages.

5.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. Please state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered versus the Defendants. This request includes all primary and excess or umbrella policies.

## THE INCIDENT and FACTS

### 6.

Please describe how you claim the incident happened, giving all such events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence or event.

### 7.

Detail each and every arrangement or agreement between Defendants, or any other individual or entity under which you were performing services at the time of the subject incident, including whether you were in the course and scope of your employment and whether you were driving with the permission and/or agency of Evans Delivery Company, Inc.. If you were working under the authority, direction, or control of a person or entity other than Defendant Evans Delivery Company, Inc. on the date and time of the subject collision, please identify the person or entity.

### 8.

Please state whether Defendant Simmons was acting within the course and scope of his employment with Defendant Evans Delivery Company, Inc. at the time of the incident at issue, the identity of the person who gave him permission to operate the subject vehicle, and the date authorization was given, and the nature of every arrangement or agreement with Defendant Simmons and Defendant Evans Delivery Company, Inc. If you claim Defendant Simmons was not acting within the course and scope of his employment, please detail the basis of your denial.

### 9.

Please state the point of origin, the destinations, the reasons for the trip, the routes chosen to reach the destination and the persons who prepared the route, the times of dispatch, Defendant

Simmons' "on-duty" and "off duty" hours for the date of the incident at issue and the eight (8) days prior to it or his scheduled hours generally, any stops made prior to arriving at the destination, and at whose request Defendant Simmons was driving at the time of the incident described in Plaintiff's Complaint.

10.

Please state the make, year, weight, and model of the vehicle involved in the incident, please identify the last date preceding the incident on which every vehicle inspection was made, and identify all mechanical repairs or services to the vehicle preceding the crash. For each such service or inspection performed on the vehicle, identify how the work/inspection was performed, who performed it, and the results of any inspection. If you have a vehicle maintenance file, please provide that.

11.

Please provide the present location of the vehicle driven by Defendant Simmons which was involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

12.

Please identify whether the vehicle driven by Defendant Simmons was equipped with any monitoring or recording devices, including but not limited to an ECM, "black box," Qualcomm or any other type of telematics device at the time of the incident at issue, and if so, please identify all documents generated therefrom and the substance of the results of the download.

5

13.

Please identify all cellular phone service providers and phone numbers and/or "Nextel-type" numbers for all cell phones, owned, issued, in the possession of, or provided/entrusted to Defendant Simmons at any time at issue.

14.

Please state all disciplinary actions, either verbal or written, received by Defendant Simmons, either before the subject wreck and as a result of the subject wreck. Please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action. If it was determined that each such incident was preventable by or chargeable to Defendant Simmons, please state the reasons for the determination, the nature of the discipline, and all persons with knowledge of the disciplinary action.

15.

If in the forty-eight (48) hours immediately preceding the occurrence complained of, Defendant Simmons consumed any alcoholic drink or had taken any drugs, pain killers, tranquilizers, stimulant, sleeping pill, or other form of medication or intoxicant, whether legal or otherwise, please state the amount and the time and place where each such substance was consumed.

16.

Please provide the time Defendant Simmons's shift began on January 28, 2020, the time Defendant Simmons's shift ended on January 28, 2020, and any breaks Defendant Simmons took during the shift.

## WITNESSES and EXPERTS

### 17.

Please identify all witnesses by name, address, telephone number, knowledge possessed, whether a statement was taken (oral, written, recorded, court or deposition), places of employment, and job description of all persons known to you, either from your own investigation or from any investigation made on your behalf, who has any knowledge regarding the facts or circumstances regarding the event at issue, history or relevant facts regarding the incident, how it happened or the events that caused it to happen.

### 18.

State the substance of each conversation or any communication (whether oral, written, or electronic) you had with Plaintiff, or any of Plaintiff's family members, or any passenger or witness following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff, his agents, or any of his family members.

### 19.

Please identify any information you claim you or your agents, attorneys, servants, or employees have indicating whether any witness (to include Plaintiff and Defendants) has been convicted or plead guilty to a crime.

### 20.

Please state the names and addresses of all experts whom you expect to call or may call as an expert witness, and please state or provide:

   a) A complete and full Rule 26 disclosure;

   b) The specific subject matter on which you expect such expert to testify;

   c) the substance of the facts, opinions and conclusions which you expect such expert to testify;

d) the grounds for each such opinion or conclusion;

e) whether any such persons have prepared or provided you with a written or recorded statement, or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds of their opinions or conclusions.  If so, state the date of each such report or statement, and the names and addresses of all persons who have a copy of such report or statement.

f) The expert's qualifications (a resume or CV will suffice);

the name, business telephone number and business address, of each person you retained or specially employed in the anticipation of litigation or preparation for trial whom you do not expect to call as a witness at the trial of the case;

g) whether the expert has ever been limited in his ability to testify or ever been denied qualifications under a Daubert standard.

21.

Have you surveilled or attempted to surveil the Plaintiff, any witnesses, or anyone involved or related to the incident at issue? If so, please identify the agents, officers, managers, employees, vendors, contractors, or anyone acting on your behalf who was involved in this surveillance or attempted surveillance; please include the date(s) of the surveillance, the method(s) used to surveil, the location(s) from which you surveilled, the names of those involved in each occurrence of surveillance, and the names of those who initiated the surveillance. Please also identify any documents, recordings, reports, or other tangible items resulting from the surveillance, the recipients and authors of the same, as well as your purpose or intent in initiating surveillance. You may produce the documents in lieu of providing an identification. If you refuse to produce the documents or e-mails, then please provide a privilege log identifying all such

8

documents, recordings, reports, or other tangible items sufficient for the parties to file a motion to compel or request an in-camera inspection, if needed.

## **IDENTIFY DOCUMENTS**

### 22.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any documents, logs, incident reports, investigative materials, memoranda, photographs, videos, charts, e-mails, electronic data, communications, correspondence, graphs, any other tangible items of any type, or other descriptions concerning the events and happenings alleged in the Complaint, scene of the incident, the area, or persons involved, as to each such item, please identify such document(s) and state what each such item purports to show, illustrate or represent, the date it was made or taken and by whom, and the name and address of the person having custody of such item. You may produce the documents in lieu of providing a description but if you withhold any document pursuant to any objection or privilege, please provide a privilege log or sufficient information to file a motion to compel.

### 23.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item. (NOTE: You need not describe any document that was produced <u>and</u> specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the Plaintiff's claims, any relevant fact, liability or damages, and any defenses in this case.

25.

Please gather, investigate, and identify all emails relating to or referencing, or in any way that are relevant to any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue in this case.  Please include the date, recipients, and authors, along with an identification and description of the email. You may produce the documents in lieu of providing a description. **(This request includes what is commonly called "e-discovery.")**  If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an *in camera* inspection, if needed.  Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

## PRIOR INCIDENTS and LAWSUITS

26.

Please identify with specificity all prior injuries, incidents, claims, complaints, or lawsuits for the five (5) years preceding the incident at issue made against you involving personal injury or death, either <u>before</u> or <u>after</u> the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties and their attorneys involved in said incident; the address of all investigating

people or departments, the personal injuries and property damage, if any, claimed in such

incident and a short description of how the incident occurred.

27.

Please state all wrecks, traffic offenses, and traffic citations of any nature Defendant(s)

has been involved in, including this subject incident, and whether Defendant's driver or

Defendant Simmons received a citation or a work reprimand for each wreck and/or traffic

offense.  For each such wreck or offense, please state the date and place where the citation(s) or

reprimands were issued, the disposition(s) of each, and whether Defendant's driver or Defendant

Simmons pled guilty, *nolo contendre*, or not guilty to each citation listed.

28.

If Defendant Simmons has ever been arrested for, pled guilty to, pled *nolo contendere* to,

or have been found guilty of any crime, please state the nature of said crime, the date, county,

and state in which Defendant Simmons was tried and entered his plea, and the sentence given to

Defendant Simmons.

29.

Has Defendant Simmons ever had a driver's license suspended, canceled, revoked, or

containing any restrictions of any sort in the past, at the time of the incident, or after the incident

forming the basis of Plaintiffs' Complaint?  Is yes, please provide the details regarding the

suspension, cancellation, revocation or restriction.

30.

Please state whether the vehicle involved in the incident has ever been involved any other

motor vehicle wrecks.  If so, please state the date of the wreck, the location of the wreck, identify

the driver involved in the wreck, state whether the wreck involved another vehicle, whether a

police report was created, the date and cost of repairs, identify the person or entity that performed the repairs, and state whether any litigation resulted.

## **POLICY, PROCEDURES, RULES**

31.

Please identify all policies and procedures in effect to supervise and regulate drivers of Defendant Evans Delivery Company, Inc. to determine their ability to safely operate and maintain the vehicles, such as the vehicle forming the basis of Plaintiff's Complaint.

32.

Did any of your management, or a private insurer, bank, governmental agency or other entity inspect or inquire about safety measures for the operation of the vehicle or require you to make changes either to operate, get insurance or comply with regulations, and if so, please fully identify same, to include dates, names and circumstances. If the activities at issue at the Defendant's business are regulated by any entity, please identify same.

33.

If Defendant Simmons was required to undergo testing for drugs or alcohol at any time prior to or as a result of the subject collision, please state the results of such testing, the name and address of the facility where such testing was performed, and the reason for the testing.

34.

Please identify the policies, procedures, and/or records, if any, regarding the maximum number of hours an employee may work on a construction project in a twenty-four (24) hour period, including any policies regarding required break times. In answering this interrogatory, please identify the policies, procedures, and/or records in place to track the number of hours

worked by your employees, including Defendant Simmons, and state the shifts and hours

Defendant Simmons worked in the eight (8) days leading up to the date of the collision.

35.

Did your insurance company do anything to vet, qualify, investigate, review or gather

information of any nature on the driver at issue in this case, or any other drivers, as part of the

qualification file?  If so, please obtain and/or produce all such documents and identify the

individuals involved.

**DEFENDANT SIMMONS**

36.

Please state the full name of Defendant Simmons, and any other name(s), nickname(s),

"handle(s)," or aliases, if any, which he has used or by which he has ever been known, every

address where Defendant Simmons has lived for the past ten (10) years, including the dates of

residency, the date and place of his birth, Defendant Simmons' Social Security Number, and his

driver's license number and the state of issuance.

37.

If Defendant Simmons was injured as a result of the subject collision, please state the

injuries sustained, treatment sought for those injuries (including the name and address of each

healthcare provider or facility), and medical expenses incurred.

38.

Please identify any and all of Defendant Simmons' sleeping disorders and treatment for

such disorders, including such disorders like chronic fatigue, sleep apnea, narcolepsy, insomnia,

or any other fatigue or sleeping disorder.  If Defendant Simmons has ever suffered or had an

occurrence or history of dizziness, blacking-out, amnesia, epilepsy, insanity, fits, seizures,

migraine headaches, or any impairment of his arms, legs, eyes, hands or feet, please identify such condition and list the dates, names and addresses of any medical attention or consultation Defendant Simmons has had for such condition.

39.

Please state the name and address of each medical doctor, psychiatrist, chiropractor, medical facility, medical practice group, or other medical professional or provider who has examined, treated, been consulted by, or rendered a professional opinion concerning Defendant Simmons' health.

40.

List all of Defendant Simmons' employment for the past twenty (20) years, giving the name and address of each employer, the period of each employment, and the general nature of the job.

41.

Please identify all of Defendant Simmons' social media accounts, including, but not limited to, Facebook, Instagram, Snapchat, YouTube, Twitter, LinkedIn, Bebo and/or Friendster, which were active at the time of the subject incident and whether those social media accounts are still active and if Defendant Simmons has deleted any material from those accounts since the incident at issue.

42.

Please identify who Defendant Simmons' supervisors were at Defendant Evans Delivery Company, Inc. during the entire time he performed work for you, including who hired and trained Defendant Simmons.

14

This 15th day of December, 2020.

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Brian C. Kaplan
Georgia Bar No. 644393
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700

STATE COURT OF
DEKALB COUNTY, GA.
12/15/2020 2:54 PM
E-FILED
BY: Monica Gay

No. _____20A83955_____

**Date Summons Issued and E-Filed**

12/15/2020
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

*Dayon Wheeler c/o Law & Moran*
*563 Spring St. NW, Atlanta, GA 30308*
Plaintiff's name and address

vs.

[✓]JURY

*Ace American Insurance Company c/o CT Corporation System*
*289 S. Culver St., Lawrenceville, GA 30046*
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

*Peter A. Law*
Name
*563 Spring St. NW Atlanta, GA 30308*
Address
*404-814-3700*                                                          *439655*
Phone Number                                                      Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney                                      Third Party Attorney
_____                          _____
Address                                                           Address
_____                          _____
Phone No.                    Georgia Bar No.      Phone No.                    Georgia Bar No.

**TYPE OF SUIT**

[✓] Personal Injury  ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability           Interest $ _____
☐Other
                                                                   Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

No. 20A83955

**Date Summons Issued and E-Filed**

12/15/2020

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

Dayon Wheeler c/o Law & Moran
563 Spring St. NW, Atlanta, GA 30308
Plaintiff's name and address

[✗] JURY

**VS.**

Evans Delivery Company, Inc. c/o David Lee Cates
2300 Henderson Mill Rd., Ste 112, Atlanta, GA 30345
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Peter A. Law
Name

563 Spring St. NW Atlanta, GA 30308
Address

404-814-3700                          439655
Phone Number                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____
Defendant's Attorney                    Third Party Attorney

_____        _____
Address                                 Address

_____        _____
Phone No.           Georgia Bar No.     Phone No.           Georgia Bar No.

**TYPE OF SUIT**

[✗] Personal Injury ☐ Products Liability        Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability         Interest $ _____
☐ Other

Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

No. _____ 20A83955 _____

**Date Summons Issued and E-Filed**

_____ 12/15/2020 _____

_____ /s/ Monica Gay _____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Dayon Wheeler c/o Law & Moran
563 Spring St. NW, Atlanta, GA 30308
Plaintiff's name and address

[✓]JURY

vs.

Levi Simmons
974 Cedarfield Lane, Summerville, SC 29483
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Peter A. Law
Name

563 Spring St. NW Atlanta, GA 30308
Address

404-814-3700                          439655
Phone Number                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____                                    _____
Defendant's Attorney                     Third Party Attorney

_____                                    _____
Address                                  Address

_____                                    _____
Phone No.          Georgia Bar No.       Phone No.          Georgia Bar No.

**TYPE OF SUIT**

[✓] Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of De Kalb**                    **State Court**

Case Number: 20A83955

Plaintiff:
**DAYON WHEELER**

vs.

Defendant:
**EVANS DELIVERY COMPANY, INC, LEVI SIMMONS, AND ACE AMERICAN INSURANCE COMPANY**

For:
Law & Moran
563 Spring Street NW
Atlanta, GA 30308

Received by ESG Legal Services Inc on the 16th day of December, 2020 at 4:30 am to be served on **Ace American Insurance Company C/O CT Corporation Systems, 289 S Culver st, Lawrenceville, GA 30046**.

I, Earl Gayle  CPS#122, being duly sworn, depose and say that on the **16th day of December, 2020** at **10:20 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, COMPLAINT, and GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, and PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT,PLAINTIFFS' REQUEST FOR ADMISSIONS SUBMITTED TO DEFENDANT**  to: **Jane Robinson, Process Secialist C/O CT Corporation Systems** as **Registered Agent** at the address of: **289 S Culver st, Lawrenceville, GA 30046** on behalf of **Ace American Insurance Company**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55+, Sex: F, Race/Skin Color: Caucasian, Height: 5:8, Weight: 200, Hair: Blonde, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Earl Gayle  CPS#122
Process Server

Subscribed and Sworn to before me on the 16th day of December, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

Floretta Fitzgerald
NOTARY PUBLIC
Clayton County, GEORGIA
My Commission Expires
03/21/2024

ESG Legal Services Inc
2480 Briarcliff Rd suite 6-262
Atlanta, GA 30329
(404) 547-0346

Our Job Serial Number: ESL-2020001329

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

## AFFIDAVIT OF SERVICE

State of Georgia                    County of De Kalb                                State Court

Case Number: 20A83955

Plaintiff:
**Dayon Wheeler**

vs.

Defendant:
**Evans Delivery Company, Inc., Levi Simmons, and Ace American Insurance Company**

For:
Blair Kilgore
Law & Moran
563 Spring Street, N. W.
Atlanta, GA 30308

Received by FALCON EXPRESS SERVICES, LLC to be served on **Levi Simmons, 974 Cedarfield Lane, Summerville, SC 29483.**

I, Margaret B. Buchanan, being duly sworn, depose and say that on the **19th day of December, 2020 at 9:44 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, SUMMONS (3), COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS, PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS and PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** to: Levi Simmons at the address of: **974 Cedarfield Lane, Summerville, SC 29483,** in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Description** of Person Served: Age: 60, Sex: M, Race/Skin Color: Black, Height: 5'11", Weight: 170, Hair: Salt & Pepper, Glasses: Y

Is the place of service the dwelling / usual place of abode for the party served? ( ✓ )Yes ( ) No ( ) Unknown

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the **21ˢᵗ** day
of ___Decenber_, _'20_ by the affiant who is
personally known to me.

_Stanley Low III_
NOTARY PUBLIC
My Commission Expires: _4/29/29_

Margaret B. Buchanan
Process Server

FALCON EXPRESS SERVICES, LLC
P.O. Box 874
Charleston, SC 29402-0874
(843) 577-9696

Our Job Serial Number: FES-2020005626

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

STATE COURT OF
DEKALB COUNTY, GA.
12/29/2020 10:56 AM
E-FILED

## <u>AFFIDAVIT OF SERVICE</u>

**State of Georgia**                    **County of De Kalb**                    **State Court**

Case Number: 20A83955

Plaintiff:
**DAYON WHEELER**

vs.

Defendant:
**EVANS DELIVERY COMPANY, INC, LEVI SIMMONS, AND ACE
AMERICAN INSURANCE COMPANY**

For:
Law & Moran
563 Spring Street NW
Atlanta, GA 30308

Received by ESG Legal Services Inc on the 16th day of December, 2020 at 4:30 am to be served on
**Evans Delivery Company, Inc C/O David Lee Cates, Registered Agent, 2300 Henderson Mill Road,
Suite 312, Atlanta, GA 30345**.

I, Earl Gayle   CPS#122, being duly sworn, depose and say that on the **21st day of December, 2020** at
**1:39 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, COMPLAINT, and
GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, and
PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, PLAINTIFFS' REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT,PLAINTIFFS' REQUEST FOR ADMISSIONS
SUBMITTED TO DEFENDANT** to: **David Lee Cates as Registered Agent** at the address of: **2300
Henderson Mill Road, Suite 312, Atlanta, GA 30345** on behalf of **Evans Delivery Company, Inc**, and
informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 60+, Sex: M, Race/Skin Color: Caucasian, Height: 5:8, Weight: 170,
Hair: Grey, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 22nd
day of December, 2020 by the affiant who is
personally known to me.

Earl Gayle  CPS#122
Process Server

Floretta Fitzgerald
**NOTARY PUBLIC**
Clayton County, GEORGIA
My Commission Expires
03/21/2024

NOTARY PUBLIC

ESG Legal Services Inc
2480 Briarcliff Rd suite 6-262
Atlanta, GA 30329
(404) 547-0346

Our Job Serial Number: ESL-2020001328

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1z

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DAYON WHEELER.                          )
                                        )
        Plaintiffs,                     )        CIVIL ACTION FILE
                                        )        NO. 20A83955
v.                                      )
                                        )
                                        )
EVANS DELIVERY COMPANY, INC.            )
LEVI SIMMONS, and ACE AMERICAN          )
INSURANCE COMPANY                       )
                                        )
        Defendants.                     )

## NOTICE OF ENTRY OF APPEARANCE

COME NOW Jennifer C. Adair and E. Andrew Treese, attorneys with the law firm of

Freeman Mathis & Gary, LLP, and hereby file their Notice of Entry of Appearance as counsel for

defendants Evans Delivery Company, Inc. and Ace American Insurance Company. From this date

forward, please send all notices, correspondence, pleadings and other materials related to this case

to their attention at the following address:

Jennifer Adair, Esq.
E. Andrew Treese, Esq.
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
Phone: (770) 818-0000
Facsimile: (770) 937-9960
E-Mail: jadair@fmglaw.com
E-Mail: atreese@fmglaw.com

Respectfully submitted this 20th day of January, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair

Georgia Bar No. 001901
jadair@fmglaw.com

*/s/ E. Andrew Treese*
E. Andrew Treese
Georgia Bar No. 556850
atreese@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

*Attorneys for Defendants Evans Delivery Company,*
*Inc. and Ace American Insurance Company*

STATE COURT OF
DEKALB COUNTY, GA.
1/20/2021 2:17 PM
E-FILED
BY: Phyleta Knighton

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the within and foregoing **NOTICE OF ENTRY APPEARANCE** via the Odyssey e-filing system, which will automatically serve counsel of record as follows:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Brian C. Kaplan, Esq.
Law & Moran
563 Spring Street, NW
Atlanta, Georgia 30308

Ronald E. Mabra, Jr., Esq.
The Mabra Firm, LLC
197 Fourteenth Street NW, Suite 200
Atlanta, Georgia 30318

This 20th day of January, 2021.

*/s/ E. Andrew Treese*
E. ANDREW TREESE
Georgia Bar No. 556850
atreese@fmglaw.com

*Attorneys for Defendants Evans Delivery Company, Inc. and Ace American Insurance Company*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DAYON WHEELER.                          )
                                        )
          Plaintiffs,                   )        CIVIL ACTION FILE
                                        )        NO. 20A83955
v.                                      )
                                        )
                                        )
EVANS DELIVERY COMPANY, INC.            )
LEVI SIMMONS, and ACE AMERICAN          )
INSURANCE COMPANY                       )
                                        )
          Defendants.                   )

### DEFENDANT ACE AMERICAN INSURANCE COMPANY'S NOTICE OF OPENING DEFAULT, IF ANY, AS OF RIGHT

PLEASE TAKE NOTICE that pursuant to O.C.G.A. § 9-11-55, Ace American Insurance

Company is exercising its statutory right to open any default which may against it.  Such default,

if any exists, occurred less than fifteen days ago and accordingly, may be opened "as of right" by

defendant's filing of its answer and defenses and the payment of court costs.  O.C.G.A. § 9-11-

55(a).  Defendant is making payment to the clerk of court in the amount of $242.00, reflecting the

court costs in this action, and is filing its Answer and Defenses in the United States District Court

for the Northern District of Georgia contemporaneously with its Notice of Removal.

This 20th day of January, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ E. Andrew Treese*
JENNIFER C. ADAIR
Georgia Bar No. 001901
jadair@fmglaw.com
E. ANDREW TREESE

Georgia Bar No. 556850
atreese@fmglaw.com

*Attorneys for Defendants Evans Delivery
Company, Inc. and Ace American Insurance
Company*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the within and foregoing **DEFENDANT ACE AMERICAN INSURANCE COMPANY'S NOTICE OPENING DEFAULT, IF ANY, AS OF RIGHT** via the Odyssey e-filing system, which will automatically serve counsel of record as follows:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Brian C. Kaplan, Esq.
Law & Moran
563 Spring Street, NW
Atlanta, Georgia 30308

Ronald E. Mabra, Jr., Esq.
The Mabra Firm, LLC
197 Fourteenth Street NW, Suite 200
Atlanta, Georgia 30318

This 20th day of January, 2021.

/s/ E. Andrew Treese
E. ANDREW TREESE
Georgia Bar No. 556850
atreese@fmglaw.com

*Attorneys for Defendants Evans Delivery Company, Inc. and Ace American Insurance Company*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)